J-S19031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARQUIS WALKER, | : | |
| | : | |
| Appellant | : | No. 2459 EDA 2014 |

Appeal from the Order entered on July 17, 2014
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0004363-2013;
CP-39-CR-0004364-2013

BEFORE:  STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                  **FILED MARCH 31, 2015**

Marquis Walker ("Walker"), *pro se*, appeals from the Order denying his Motion to Modify Sentence *Nunc Pro Tunc* (hereinafter "Petition for Relief"). We vacate the Order and remand for further proceedings.

On December 11, 2013, Walker, pursuant to a negotiated plea agreement, pled guilty to two counts of possession with intent to deliver (heroin) ("PWID"),[1] at two separate docket numbers.  On the same date, in accordance with the plea agreement, the trial court sentenced Walker to an aggregate term of three to ten years in prison, ordering the sentences imposed on both PWID convictions to run concurrently.  Notably to the

---

[1] 35 P.S. § 780-113(a)(30).

instant appeal, Walker's trial counsel did not file a post-sentence motion or a direct appeal.

Approximately seven months later, on July 9, 2014, Walker filed the Petition for Relief, asserting, *inter alia*, that although he entered a guilty plea, he did so only after reaching an agreement with his trial counsel that counsel would file a post-sentence motion. However, according to Walker, he did not discover that trial counsel failed to file any post-sentence motion until several months later. By an Order entered on July 14, 2014, the trial court denied the Petition for Relief. Specifically, the trial court determined that (1) the Petition was not timely filed under Pa.R.Crim.P. 720 (mandating that post-sentence motions must be filed within ten days after the judgment of sentence is imposed); and (2) Walker failed to present any extenuating circumstances that would justify granting him permission to file a post-sentence motion, *nunc pro tunc*. Walker timely filed a *pro se* Notice of Appeal from the July 14, 2014 Order.[2]

On appeal, Walker argues that the trial court erred by denying his Petition for Relief, since trial counsel was ineffective for failing to file a requested post-sentence motion. **See** Brief for Appellant at 6-7;[3] **see also** Petition for Relief, 7/9/14, at 2.

_____

[2] Walker is proceeding *in forma pauperis* in this appeal.

[3] Because we are vacating the Order on appeal, we will not set forth herein Walker's Statement of Questions Presented, which is included on page 4 of his brief.

The Commonwealth correctly concedes that the Petition for Relief, alleging trial counsel's ineffectiveness, was in the nature of a timely, first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as it raised an issue cognizable under the PCRA and was filed within one year after Walker's judgment of sentence became final. **See** Brief for the Commonwealth at 6-7; **see also Commonwealth v. Holmes**, 79 A.3d 562, 583 (Pa. 2013) (stating that "claims of ineffective assistance of trial counsel are cognizable under the PCRA, 42 Pa.C.S. § 9543(a)(2)(ii), and such claims routinely form the bulk of the claims raised on initial PCRA review[.]").

However, the trial court failed to appoint Walker counsel to assist him in this proceeding involving his first PCRA Petition. Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); **see also Commonwealth v. Henkel**, 90 A.3d 16, 22-23 (Pa. Super. 2014) (*en banc*) (applying Rule 904(C) and collecting cases); **Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that "[i]t is abundantly clear that a first-time *pro se* PCRA petitioner is entitled to the benefit of the

assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration.").

As an indigent first-time PCRA petitioner, Walker is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition of his first PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2). Accordingly, we must vacate the trial court's July 14, 2014 Order and remand for the appointment of PCRA counsel, or a **Grazier**[4] hearing if Walker wishes to proceed *pro se*.

Order vacated; case remanded for the appointment of PCRA counsel and/or further proceedings in accordance with this Memorandum; jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2015

---

[4] **See Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

- 4 -